5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lance Leonard NEVELL, Defendant-Appellant.
 No. 92-10691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. No. CR-90-00275-RMB; Richard M. Bilby, Chief Judge, Presiding.
 D.Ariz., 974 F.2d 1344.
 VACATED AND REMANDED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lance Leonard Nevell appeals his 18-month sentence imposed following remand from this court for resentencing. Nevell was originally sentenced to 18 months' imprisonment following entry of his guilty plea to knowingly making a false statement in the acquisition of a firearm in violation of 18 U.S.C. Secs. 922(a)(6), 924(a)(1). Nevell contends the district court erred by (1) departing upward based upon his continued use of drugs prior to sentencing and (2) failing to explain the extent of its departure by an analogy to the Guidelines.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand for resentencing.
 
 
 3
 The government contends that Nevell has waived his right to appeal the departure by not making a specific, detailed objection at sentencing. Based upon our review of the record, however, we hold that Nevell adequately preserved the issue for appeal.[2] Cf. United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990) (even inartful objection preserves contested issue on appeal).
 
 
 4
 An upward departure for drug dependency is warranted only where the dependency is so extraordinary that a longer term of imprisonment is more appropriate than a term of supervised release conditioned on participation in a drug rehabilitation program. United States v. Luscier, 983 F.2d 1507, 1510 (9th Cir.1993) ("[T]he Commission opted for a sentencing scheme that encourages defendants to admit to and seek treatment for drug dependency, rather than one that treats more severely defendants who have a history of drug abuse."); see also U.S.S.G. Sec. 5H1.4, p.s. (when offender has a history of drug or alcohol abuse the sentencing court should condition supervised release on participation in substance abuse rehabilitation program). When departing upward on the basis of drug dependency, the district court should identify facts which indicate that the drug use was exceptional and indicate why incarceration is more appropriate than participation in a drug rehabilitation program. Luscier, 983 F.2d at 1511.[3]
 
 
 5
 Here, the district court departed upward on the basis of Nevell's "continued use of drugs prior to sentencing, both in and out of ... [prison]" and also conditioned the term of supervised release on participation in substance abuse counseling. The district court, however, did not identify evidence suggesting that Nevell's drug dependency was extraordinary or why a longer term of incarceration was warranted rather than substance abuse treatment alone. See id. Accordingly, we vacate and remand for the district court to make appropriate findings.
 
 
 6
 Because we vacate the sentence imposed by the district court based upon the lack of appropriate findings, we need not address Nevell's contention concerning the extent of the departure. Nonetheless, to avoid relitigation of this issue if the court again departs upward at resentencing, we note that the court did not properly explain its justification for the extent of departure. See United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc) (requiring reasoned explanation "founded on the structure, standards and policies of the [Sentencing Reform] Act and Guidelines").
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nevell has already served his period of imprisonment for the instant offense but subsequently committed another offense for which he is currently serving sentence. The instant appeal is not moot, however, because Nevell's sentence has collateral consequences. Review could result in a lower criminal history point for the offense, see U.S.S.G. Sec. 4A1.1(a) and (b), and affect his overall criminal history score, see U.S.S.G. Sec. 4A1.1(d) and (e). Cf. United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993) (appeal not moot where review could result in an earlier end to a term of supervised release)
 
 
 [2]
 Nevell preserved the issue for appeal by making the following objection:
 I will argue, however, that the upward departure is unnecessary. It was based in part on his continued drug use. He's been charged with two-tenths of a gram of heroin that was found in his possession. He lost all his good time. He lost all his camp. He lost--he did all of his time except two months in a jail setting. He spent two months in solitary confinement, and on top of that he lost all of his visitation.
 
 
 [3]
 The government contends that a distinction should be made between drug use prior to arrest and drug use during release on bond or while incarcerated prior to sentencing. We note that the reasoning of the Commission to encourage defendants to seek treatment for drug dependency applies equally as well to post-arrest drug use and, therefore, decline to make such a distinction